COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-005-CV

IN THE INTEREST OF H.J.A.,

A MINOR CHILD

------------

FROM COUNTY COURT AT LAW OF PARKER COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant John A. appeals from the trial court’s judgment terminating his parental rights to his daughter H.J.A.  After a trial, a jury found that his rights should be terminated.  In the trial court’s judgment, the trial court found by clear and convincing evidence that Appellant had done one or more of the following:

a. knowingly placed or knowingly allowed the child to remain in conditions or surroundings that endanger the physical or emotional well-being of the child;

b. engaged in conduct or knowingly placed the child with persons who engaged in conduct that endangers the physical or emotional well-being of the child; or

c. been the major cause of the child’s absence from the home without the consent of the parents or guardian for a substantial length of time or without the intent to return.

Appellant does not challenge this finding.

The trial court also found that termination of the parent-child relationship would be in H.J.A.’s best interest.  In one issue, Appellant contends that the evidence is legally insufficient to support the best interest finding.

The undisputed evidence at trial showed that in September 2004, Appellant unlawfully extended his possession of H.J.A. and, instead of taking her to school, took her to Georgia via motorcycle.  Law enforcement officers there arrested him and returned H.J.A. to her mother.  After being transported back to Texas, Appellant pled guilty to the offense of interference with child custody and was convicted and sentenced.  At the time of the trial in this case, Appellant had been confined since his arrest and had not seen H.J.A. since that date, about fifteen months earlier.  He had no assets, no income, and no job.

Evidence favorable to the verdict also showed that a two-year protective order was in place at the time of trial, ordering Appellant to stay away from H.J.A. and her mother, that Appellant had pressured H.J.A. to falsely report both that she was afraid of her stepfather and that her stepfather had sexually assaulted her, that CPS had ruled the allegations out, that Appellant had threatened the stepfather, that Appellant had tried to hire someone to kill H.J.A.’s mother, that Appellant had told others that he would have H.J.A. or no one would, that H.J.A. has nightmares about being taken away and about Appellant hurting her mother, that H.J.A. does not want to see Appellant, and that H.J.A.’s mother is open to the possibility of H.J.A. having professionally supervised contact with Appellant at a later date if H.J.A. desires it and if Appellant shows objective signs of change.

Applying the appropriate standard of review,
(footnote: 2) we hold that, based upon our review of the record, the evidence is legally sufficient to support the best interest finding and therefore the verdict.  We overrule Appellant’s sole issue and affirm the trial court’s judgment of termination.

LEE ANN DAUPHINOT

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DELIVERED:  DECEMBER 14, 2006

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
See 
In re J.F.C.
, 96 S.W.3d 256, 265-66 (Tex. 2002); 
Holley v. Adams
, 544 S.W.2d 367, 371-72 (Tex. 1976).